UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ALPHONSO ROSS,  )
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　)　　Case No. 1:06-cv-252
　　　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　　　)　　Honorable Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　　)
UNKNOWN PREVO et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　)
_____)

**OPINION**

　　　　　This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate total exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

　　　I.　　Factual allegations

　　　　　Plaintiff is presently incarcerated at Riverside Correctional Facility. In his *pro se* complaint, he sues nurse (unknown) Prevo, nurse Dave GeGraff, Captain (unknown) Brewer, and residence unit supervisor (unknown) Ault.

　　　　　Plaintiff claims that Defendants violated his Eighth Amendment rights and various Michigan Department of Corrections policy directives. He alleges Defendant Brewer accused Plaintiff of stealing medication from the prison health center, and when Plaintiff denied this, Brewer

retaliated against him in various ways, including moving him to a residence unit that was far away from the health center, where Plaintiff needed to regularly obtain insulin. Plaintiff alleges that Defendant Prevo ordered him to segregation knowing it would endanger his health. He alleges that supervisor Ault refused to deliver Plaintiff's meals to his cell. He alleges nurse McGraff issued a urine bottle to Plaintiff without the required medical detail, which resulted in Plaintiff's placement in segregation for possession of dangerous contraband. For relief, Plaintiff requests a declaratory judgment that Defendants violated his Eighth Amendment rights, an injunction precluding Defendants from further retaliating against him, compensatory damages, and punitive damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies against all Defendants. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In addition, a prisoner must

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a).

specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). A civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion. *Rinard v. Luoma,* 440 F.3d 361, 363 (6th Cir. 2006); *Jones Bey v. Johnson*, 407 F.3d 801, 805-809 (6th Cir. 2005).

Here, Plaintiff has not exhausted administrative remedies against all of the Defendants he names in his complaint. The documentation Plaintiff has provided the Court indicates that he pursued his grievance through all levels of review as to Defendants Prevo, Brewer, and Ault (assuming Plaintiff's assertion that the prison consolidated its response to all of his grievances with its May 2005 Stage II Response). However, Plaintiff has not exhausted his administrative remedies as to Defendant DeGraff, who Plaintiff does not name in any of his grievances. Therefore, because Plaintiff's complaint contains both exhausted and unexhausted claims, the complaint must be dismissed for lack of total exhaustion. *See Rinard,* 440 F.3d at 363; *Jones Bey*, 407 F.3d at 809.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of an action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich.

2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show total exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: May 18, 2006                                    /s/ Gordon J. Quist
                                                       GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE